UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO. 26-CV-22409-RKA

ARGIROS D.O.O, a Croatian limited liability company,

*Plaintiff*,

v.

MARMER INVESTMENTS LIMITED, *in personam*, and M/Y KAISER, a 2011 196' Abeking & Rasmussen Motor Yacht, *in rem*,

*Defendants*.
_______________________________________/

**DEFENDANT, MARMER INVESTMENTS LIMITED'S MOTION TO DISMISS THE COMPLAINT**

Defendant, Marmer Investments Limited, *in personam*, by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(5), respectfully move to dismiss Plaintiff's Complaint for lack of personal jurisdiction and insufficient service of process and, in support, state as follows:

## INTRODUCTION

This case involves a foreign company, incorporated in Croatia, suing another foreign company, registered in the Cayman Islands, alleging unjust enrichment regarding payment of crew based in Croatia. In a far-reaching attempt to plead personal jurisdiction over Marmer Investments Limited ("Marmer"), Plaintiff incorrectly claims that Marmer operates a business in Florida soley through the alleged use of its Yacht. However, this cannot withstand an evidentiary jurisdictional challenge. Marmer does not conduct its business, or any business, in Florida and, therefore, cannot be subject to general jurisdiction in this state. Furthermore, Marmer cannot be subject to specific

jurisdiction as Marmer has had no dealings with Plaintiff, has never contracted with Plaintiff, and has committed no acts in Florida related to the Plaintiff's claims. As such, Marmer cannot be subject to personal jurisdiction in Florida

Plaintiff's attempt to serve Marmer through substitute service on the captain of the Yacht is insufficient service of process, as the captain is not an employee or agent of Marmer.

Accordingly, the Complaint should be dismissed against Marmer lack of personal jurisdiction and insufficient service of process.

## BACKGROUND FACTS

1. Marmer is a foreign corporation organized under the laws of the Cayman Islands and maintains its headquarters in the Cayman Islands. (Exhibit A, Chornyy Decl. ¶ 5). Plaintiff concedes and acknowledges that Marmer is "a Cayman Islands entity that maintains its principal place of business outside the State of Florida." (ECF No. 1, Compl. ¶ 4).

2. Marmer owns a 2011 196' Abeking & Rasmussen motor yacht, M/Y Kaiser (the "Yacht"). (ECF No. 1, Compl. ¶ 6; Exhibit A, Chornyy Decl. ¶ 3).

3. The Summons issued for Defendant Marmer lists Marmer's Cayman Islands address:

> Marmer Investments Limited
> C/O International Corporation Services LTD.
> Harbour Place, 2nd Floor, North Wing
> P.O. BOX 472, 103 South Church Street
> George Town, KY1-1106 Cayman Islands

(ECF No. 3).

4. However, the Return of Service on Marmer describes the attempted service as follows:

> Delivering a true copy of the Summons in a Civil Action and Verified

> Complaint with the date and hour of service endorsed thereon by me, to: APAO FONMANU as CAPTAIN for MARMER INVESTMENTS LIMITED, at the address of M/Y KAISER, SAFE HARBOR RYBOVICH, 4200 N. FLAGLER DR. WEST PALM BEACH, FL 33407.

(ECF No. 5).

5. Marmer does not maintain an office, mailing address, telephone number, place of business, registered agent, bank account, real property or mortgage in Florida. (*Id*. ¶¶ 16–19).

6. Marmer does not have any employees that reside or have an office in Florida. (*Id*. ¶ 20).

7. Marmer's use of the Yacht was exclusively in the Mediterranean Sea (*Id*. ¶ 25).

8. The Yacht arrived in Florida for the <u>first time</u> in October 2025 for the sole purpose of being listed and offered for sale. (*Id*. ¶ 27).

9. The Yacht has been in two boat shows in Florida between October 2025 through March 2026. (*Id*. ¶ 28).

10. The Yacht arrived in Florida on a boat show bond, and then stayed under foreign trade zone bond. (*Id*. ¶¶ 29–30).

11. The Yacht was never chartered in Florida. (*Id*. ¶¶ 26).

12. The Yacht's limited economic activities in Florida were strictly limited to provisioning, maintenance, and dockage. (*Id*. ¶¶ 31).

13. Given Marmer's lack of contacts with Florida, Plaintiff is grasping to find a basis to find general or specific personal jurisdiction and makes conclusory allegations, without any factual support. (ECF No. 1, Compl. ¶ 10).

## PROCEDURAL HISTORY

14. On April 7, 2026, Plaintiff filed the current action against Marmer for alleged unjust enrichment. (ECF No. 1, Complaint).

15. On April 15, 2026, the Complaint was served on captain of the Yacht. (ECF No. 5).

16. The captain is not an employee or agent of Marmer, and did not have authority to accept service on behalf of Marmer. (Exhibit A, Chornyy Decl. ¶¶ 9–11).

17. On May 6, this Court granted Marmer' Motion for Extension of Time to Respond to the Complaint. (ECF No. 7; ECF No. 8).

## MEMORANDUM OF LAW

### I. The Complaint Should be Dismissed Against Marmer Because Plaintiff Failed to Properly Serve the Foreign Corporation.

A defendant's challenge to the sufficiency of process must describe with specificity how service of process failed to meet the procedural requirements of the federal rules or state law, whichever is applicable. *Atlantis Marine Towing Salvage & Servs. v. M/Y O'Machine*, No. 19-20783-Civ, 2019 U.S. Dist. LEXIS 142976, at *4-5 (S.D. Fla. Aug. 21, 2019) (citing *O'Brien v. R.J. O'Brien & Associates, Inc.*, 998 F.2d 1394, 1400 (7th Cir. 1993)). Once a defendant challenges service of process, the plaintiff has the burden to demonstrate sufficient service of process by making a prima facie case of proper service. *Atlantis Marine Towing*, 2019 U.S. Dist. LEXIS 142976, at *5 (citing *Andujar v. All Coast Transporters, Inc.*, 2013 U.S. Dist. LEXIS 76711, 2013 WL 2404059, at *2 (S.D. Fla. May 31, 2013)); *see also Aetna Business Credit, Inc. v. Universal Decor & Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981) ("When service of process is challenged, the party on whose behalf it is made must bear the burden of establishing its validity.")

In this case, Marmer is a foreign corporation with no contacts with the state of Florida or the United States. It has no registered agent in the State of Florida and is not licensed to conduct business in Florida. (Exhibit A, Chornyy Decl. ¶¶ 15–16). The Rule governing service of foreign

corporations states, in pertinent part:

> (h) Serving a Corporation, Partnership, or Association.
>
> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> > (1) in a judicial district of the United States:
> >
> > > (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> > >
> > > (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or
> >
> > (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Fed. R. Civ. P. 4(h).

Service must be made on "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h). There is no showing that the service on the captain of the Yacht constitutes proper service on Marmer. The captain is not employed by Marmer. (Exhibit A, Chornyy Decl. ¶ 9). He is not an officer, managing agent, or general agent of Marmer (*Id.*) He is not authorized to accept service for the corporation. (*Id.* ¶ 11). The captain is hired by an entirely separate corporation. (*Id.* ¶ 10).

It is undisputed that the Plaintiff has the principal address for Marmer. (ECF No. 3). However, Plaintiff chose not to serve Marmer as required by Federal Rule or Florida Statute. The attempted service on Marmer was improper because Plaintiff served someone present on the Yacht, not someone authorized to accept service of process. The captain, hired by another company, is not a representative of Marmer.

Whether service of process is effectuated under the Federal Rules or Florida Statute, the primary purpose remains the same — to give a defendant notice that an action has been initiated. Due process requires that the method of service employed be reasonably calculated to give actual notice and to afford an adequate opportunity to be heard. Service of process must be accomplished in strict accordance with applicable rules and statutes.

Accordingly, the Complaint against Marmer should be dismissed for insufficient service of process.

## II. **The Complaint Should be Dismissed Against Marmer Because the Court Lacks Personal Jurisdiction Over Marmer.**

### A. **Legal Standard for Establishing Personal Jurisdiction**

The court must engage in a two-part analysis to determine whether it has jurisdiction over the nonresident defendant, and can exercise that jurisdiction only if both prongs are satisfied: (1) whether a basis of jurisdiction is provided under the forum state's long-arm statute; and (2) whether there are sufficient minimum contacts to satisfy the due process clause of the Fourteenth Amendment. *Abramson v. Walt Disney Co.*, 132 F. App'x 273, 275 (11th Cir. 2005) (citing *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990)); *Posner v. Essex Ins. Co.*, 178 F.3d 1219 (11th Cir. 1999*); Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d. 623 (11th Cir. 1996).

Minimum contacts can arise in two ways: specific jurisdiction and general jurisdiction, as described below. In the case, neither type of minimum contacts is present to support any type of jurisdiction over Marmer. The Complaint lacks any allegations of affirmative conduct performed by Marmer in the State of Florida and, instead, relies solely on the location of the Yacht in Florida (more accurately, in a foreign trade zone). (ECF No. 1, Compl. ¶ 10).

### B. The Complaint Fails to Allege a Sufficient Basis for Specific Jurisdiction Over Marmer

#### 1. The Complaint Fails to Allege Sufficient Business Activities to Establish Specific Jurisdiction Pursuant to Florida's Long-Arm Statute

Specific jurisdiction exists when a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum. *Am. Overseas Marine Corp. v. Patterson*, 632 So. 2d 1124, 1127 (Fla. 1st DCA 1994) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 411 n.8 (1984)). This kind of jurisdiction is often referred to as "connexity jurisdiction," since it requires a causal connection between the defendant's activities in the forum state and the plaintiff's cause of action. *Id*.

In this case, Plaintiff alleges specific jurisdiction over Marmer pursuant to Florida Statutes section 48.193(1)(a)(1) by making the unsupported legal conclusion that "Marmer, directly and/or through its agents, including the Vessel's Captain and managers, as operated, conducted, engaged in, or carried on a business or business venture in Florida." (ECF No. 1, Compl. ¶ 10). Specific jurisdiction requires a causal connection, and Plaintiff has failed to set forth any facts that its unjust enrichment claim arose out of Marmer's purported business venture in Florida. Marmer does not have any office in Florida. (Exhibit A, Chornyy Decl. ¶ 17). Marmer is not licensed to do business in Florida, and has no employees in Florida. (*Id*. ¶¶ 15, 20). Marmer does not serve clients in Florida, receives no revenue from Florida clients, and has no bank accounts or real estate in Florida. (*Id*. ¶¶ 18, 19, 21). The Yacht has never been chartered in Florida. (*Id*. ¶ 26).

An instructive Eleventh Circuit case is *Bluewater Trading Ltd. Liab. Co. v. Fountaine Pajot, S.A.*, 335 F. App'x 905 (11th Cir. 2009), which affirmed the denial of specific jurisdiction pursuant to the current equivalent of Florida Statute section 48.193(1)(a)(1) (operation of a business in Florida), where a French yacht manufacturer had contracts with warranty service

providers in Florida, made a few payments to those providers and to its Florida dealer to cover warranty services, paid for a booth at the Miami International Boat Show annually and sent a representative to attend that show, met with its Florida dealer representative once a year, sent emails and marketing materials to its Florida dealer and listed its Florida dealer in advertisements in international boating publications and on its website. *Id*. at 906. The Eleventh Circuit agreed with the District Court that the defendant's contacts did not rise to the level of operating, conducting, engaging in, or carrying on a business or business venture in Florida. *Id*. at 907. Likewise in this case, the mere fact that the Yacht was being marketed for sale for a few months in boat shows and in the foreign trade zone does not constitute operating or carrying on a business in Florida. *See also New York Marine Managers, Inc. v. Maitland Bros. Co.*, 746 F. Supp. 95 (S.D. Fla. 1990) (holding that defendant's vessel navigating through Florida's waters does not constitute carrying on a business venture in Florida). Furthermore, during the Yacht's stay in the foreign trade zone, the Yacht is not even deemed to be in Florida waters.

Another instructive case is *Versilia Supply Service SRL v. M/Y Waku, et al.*, 371 F. Supp. 3d 1143 (S.D. Fla. 2019), which is a case where Plaintiff's counsel made a similar attempt to allege jurisdiction over a foreign company for unpaid crew wages. *Id*. at 1148. In that case the plaintiff, Versilia Supply Service, made general allegations of transacting business relating to the maintenance and operation of the Yacht owned by defendant. *Id*. This Court held that the plaintiff failed to demonstrate that the defendant was carrying on a business in Florida. *Id*. The Court explained as follows:

> In order to establish that a defendant is carrying on business for the purposes of Florida's longarm statute, the activities of the defendant must be considered collectively and show a general course of business activity in the state for pecuniary benefit. Factors to consider in making this determination include: (1) the presence and operation of an office in Florida; (2) the possession and maintenance of a license to do business in Florida; (3) the number of Florida clients served; and (4)

the percentage of overall revenue gleaned from Florida clients.

*Id*. at 1149 (internal citations and quotations omitted). According to these factors, the holding applies to this case. As established, Marmer has no office, business license, clients, or revenue. (Exhibit A, Chornyy Decl. ¶¶ 15, 17, 21). Marmer has never chartered the Yacht in Florda. (*Id*. ¶ 26). Plaintiff has completely failed to properly allege any kind of business venture conducted by Marmer in Florida.

As Plaintiff's claims arise out of the alleged failure to reimburse for payments made to crew, then the location with specific jurisdiction would the place where such alleged conduct occurred—not Florida. Indeed, the alleged claim had purportedly arisen by February 2025, but the Yacht arrived in Florida for the first time ***eight months later*** in October 2025. (ECF No. 1, Compl. ¶ 21; Exhibit A, Chornyy Decl. ¶ 27). Therefore, the requirements of Florida's long-arm statute have not been met and the Court lacks specific jurisdiction over Marmer.

**2. Imposing Specific Jurisdiction over Marmer Would Violate Due Process.**

To determine whether the exercise of specific jurisdiction affords due process, the courts apply a three-part test, which examines: (1) whether the plaintiff's claims "arise out of or relate to" at least one of the defendant's contacts with the forum; (2) whether the defendant "purposefully availed" itself of the privilege of conducting activities within the forum state; and (3) whether the exercise of jurisdiction comports with "traditional notions of fair play and substantial justice." *Estes v. Rodin*, 259 So. 3d 183, 192 (Fla. 3d DCA 2018) (quoting *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013)). The plaintiff bears the burden of establishing the first two prongs, and after establishing those prongs, then the defendant must make a "compelling case" that the exercise of jurisdiction would violate traditional notions of fair play

and substantial justice. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013); *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.,* 593 F.3d 1249, 1267 (11th Cir. 2010)).

In this case, Plaintiff cannot meet the first element. Plaintiff's only allegations regarding Marmer's conduct in Florida involve the Yacht being offered for sale, and general provisions and services provided to the Yacht. (*See* ECF No. 1, Compl. ¶ 10). However, in its unjust enrichment claim, Plaintiff alleges completely different conduct by Marmer—an alleged failure to reimburse payments made to crew. (*Id.* ¶ 59). Plaintiff fails to allege the necessary nexus between Marmer's purported activity in the forum state and Plaintiff's unjust enrichment claim arising from such activity. In fact, at the time of the alleged nonpayment (June 2024–February 2025), the Yacht had never been to Florida (ECF No. 1, Compl. ¶ 21; <u>Exhibit A</u>, Chornyy Decl. ¶¶ 26–27).

Plaintiff has failed to satisfy the "connexity" or "causal connection" requirement of specific jurisdiction because its claims do not arise out of or relate to Marmer's alleged contacts with Florida. Plaintiff's struggle to properly plead sufficient grounds for specific jurisdiction is not surprising, because it cannot overcome the unequivocal facts that Marmer does not conduct business in Florida and has not transacted any business directly with the Plaintiff. Accordingly, the Court's imposition of specific jurisdiction over Marmer would violate due process.

### C. The Complaint Fails to Allege Sufficient Contacts in Florida to Establish General Jurisdiction over Marmer.

Plaintiff next alleges jurisdiction over Marmer pursuant to Florida Statutes section 48.193(2) by making the unsupported legal conclusion that Marmer "has engaged in substantial and not isolated activity within Florida." (ECF No. 1, Compl. ¶ 10). The "substantial and not isolated activity" requirement of Florida's long-arm statute has been recognized by Florida courts

as the functional equivalent of the "continuous and systematic contact" requirement for general jurisdiction under the Fourteenth Amendment Due Process Clause, thereby collapsing the general jurisdiction analysis into a single inquiry. *Binder v. Aeschlimann*, No. 17-80290-CIV, 2019 U.S. Dist. LEXIS 51869, at *16 (S.D. Fla. Mar. 25, 2019); *J.P. Morgan Tr. Co., Nat'l Ass'n v. Potash Corp. of Sask., Inc. (In re Farmland Indus.)*, No. 3:05-cv-587-J-32MCR, 2007 U.S. Dist. LEXIS 23872, at *13 n.10 (M.D. Fla. Mar. 30, 2007).

Because general personal jurisdiction is based on contacts unrelated to the cause of action being litigated, the due process requirements for general jurisdiction must be assessed under a "stricter standard" than those for specific jurisdiction. *Schulman v. Glob. Citizens Travel, LLC*, No. 13-CV-23766, 2015 U.S. Dist. LEXIS 178872, at *7 (S.D. Fla. Jan. 18, 2015). Under this more exacting standard, a defendant's contacts with the forum state "must be so extensive to be tantamount to [a defendant] being constructively present in the state to such a degree that it would be fundamentally fair to require it to answer in [the forum state's courts] in any litigation arising out of any transaction or occurrence taking place anywhere in the world." *Id*. In other words, a defendant's activities must be "so continuous and systematic as to render [the defendant] essentially at home in the forum state." *Id*. (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)); *see also Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011).

The paradigm all-purpose forums in which a corporation is at home are the corporation's place of incorporation and its principal place of business. *Waite v. AII Acq. Corp.*, 901 F.3d 1307, 1317 (11th Cir. 2018) (citing *Daimler*, 571 U.S. at 137). "The Supreme Court has explained that 'a corporation's operations in a forum other than its formal place of incorporation or principal place of business" must be "so substantial and of such a nature as to render the corporation at home in that State" only in "**exceptional**" cases. *Schulman v. Inst. for Shipboard Educ.*, 624 F. App'x

1002, 1005 (11th Cir. 2015) (quoting *Daimler*, 571 U.S. at 139 n.19) (emphasis added); *see also Waite*, 901 F.3d at 1317 (citing *BNSF Ry. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017)). Even sending employees into the forum state for training purposes is insufficient to establish general jurisdiction. *See Fraser v. Smith*, 594 F.3d 842, 847 (11th Cir. 2010) (citing *Helicopteros Nacionales De Colombia v. Hall*, 466 U.S. 408, 418 (1984)).

In *Daimler AG v. Bauman*, the Supreme Court held that the California courts could not exercise general jurisdiction over a German company with a wholly-owned subsidiary that did business in California as the parent's exclusive importer and distributor in the United States and the largest supplier of luxury vehicles to the California market. *Daimler*, 517 U.S. at 123, 139. In this case, Marmer's place of incorporation and principal place of business is in the Cayman Islands and the Plaintiff has failed to allege any facts that would distinguish the holding in *Daimler* from applying here. Marmer certainly has not conducted "activities in the forum" that "closely approximate the activities that ordinarily characterize a corporation's place of incorporation or principal place of business." *See Schulman*, 624 F. App'x at 1005. To the contrary, the Yacht has visited Florida only once for the span of a few months and receives general provisions and maintenance services. (Exhibit A, Chornyy Decl. ¶¶ 27, 28, 31). This is woefully insufficient to meet the high standard for general jurisdiction.

In accordance with the holding in *Daimler*, Marmer is "at home" in its place of incorporation in the Cayman Islands, and Plaintiff has failed to allege any type of activity the warrants general jurisdiction in Florida. Asserting general jurisdiction over Marmer would violate due process.

## CONCLUSION

Marmer lacks sufficient contacts with Florida to be subject to personal jurisdiction. Plaintiff has failed to plead contacts with Florida sufficient to comply with Florida's long-arm statute, or to establish either specific jurisdiction or general jurisdiction in Florida. Accordingly, the Complaint must be dismissed against Marmer.

WHEREFORE, Defendant, Marmer Investment Limited, *in personam*, respectfully requests that this Court enter an Order as follows:

A. Dismissing the Complaint against Marmer for insufficient service of process;

B. Dismissing the Complaint, with prejudice, against Marmer for lack of personal jurisdiction; and

C. Granting such further relief as the Court deems appropriate.

Dated: May 20, 2026

Respectfully Submitted,

*/s/ Serena A. Witter*
Serena A. Witter, Esq.
Fla. Bar No. 45216
Michael Karcher
Florida Bar No. 516287
ROBERT ALLEN LAW
The Four Seasons Office Tower
1441 Brickell Avenue, Suite 1400
Miami, Florida 33131
Tel. (305) 372-3300
Fax. (305) 379-7019
Email: switter@robertallenlaw.com
mkarcher@robertallenlaw.com
litigation@robertallenlaw.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on this 20th day of May, 2026, a true and correct copy of the foregoing served via the CM/ECF system on all counsel of record indicated below.

Michael T. Moore, Esq.
Caycie Flitman, Esq.
MOORE & COMPANY, P.A.
Tel. (786) 221-0600
Fax (786) 221-0601
Email michael@moore-and-co.com
cflitman@moore-and-co.com

*Counsel for Plaintiff*

*/s/ Serena Witter*
Serena A. Witter, Esq.