UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO. 26-cv-22409-ALTMAN

ARGIROS D.O.O.,
a Croatian limited liability company,

Plaintiff,

v.

MARMER INVESTMENTS LIMITED, *in personam,* and
M/Y KAISER, a 2011 196' Abeking & Rasmussen
Motor Yacht, *in rem*,

Defendants.
_______________________________________________/

**PLAINTIFF'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT MARMER INVESTMENTS LIMITED'S MOTION TO DISMISS**

Plaintiff, ARGIROS D.O.O. ("Plaintiff"), by and through undersigned counsel, respectfully moves for a fourteen (14) day extension of time, through and including June 10, 2026, to respond to Defendant Marmer Investments Limited's Motion to Dismiss, and states that good cause exists for the requested relief as follows:

1. Defendant Marmer Investments Limited filed its Motion to Dismiss the Complaint [DE 9] on May 20, 2026.
2. Pursuant to Local Rule 7.1(c), Plaintiff's response to the Motion to Dismiss [DE 9] is presently due on June 3, 2026.
3. Plaintiff requires additional time to evaluate the factual and legal issues raised in Defendant's Motion to Dismiss, including Defendant's challenges to personal jurisdiction and service of process.

4. Good cause exists for the requested extension because Plaintiff is actively reviewing the matters raised in the Motion to Dismiss. The requested extension is modest, will promote judicial economy, will not prejudice Defendant, and is sought in good faith and not for purposes of delay.
5. Pursuant to Local Rule 7.1(a)(3), counsel for Plaintiff conferred with counsel for Defendant regarding the relief requested herein. Defendant's counsel advised that Defendant does not oppose the requested extension.

**MEMORANDUM OF LAW**

Fed. R. Civ. P. 6(b) provides, in pertinent part, that "when … by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefore is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect. Fed. R. Civ. P. 6; also see *Osahar v. United States Postal Serv.*, 136 Fed. Appx. 259 (11th Cir. 2005).

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order extending Plaintiff's deadline to file and serve its response to Defendant Marmer Investments Limited's Motion to Dismiss [DE 9] through and including June 10, 2026, and granting such other and further relief as the Court deems just and proper.

**CERTIFICATE OF CONFERRAL**

Pursuant to Local Rule 7.1(a)(3), undersigned counsel certifies that counsel for Plaintiff conferred with Michael Karcher, counsel for Defendant Marmer Investments Limited, regarding

the relief requested herein. Counsel for Defendant advised that Defendant does not oppose the requested extension.

Dated May 29, 2026

Respectfully submitted,

**Moore & Company, P.A.**
255 Aragon Avenue, 3rd Floor
Coral Gables, FL 33134
Telephone: 786-221-0600
Facsimile 786-221-0601
michael@moore-and-co.com
cflitman@moore-and-co.com
*Counsel for Plaintiff*

/s/ Michael Moore, Esq.
Michael T. Moore, Esq.
Florida Bar No. 207845
Caycie Flitman, Esq.
Florida Bar No. 55826

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 29, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notice of electronic filing to all counsel of record, including:

Michael Karcher, Esq.
Robert Allen Law
mkarcher@robertallenlaw.com
litigation@robertallenlaw.com
Counsel for Defendant Marmer Investments Limited

/s/ Michael Moore, Esq.
Michael T. Moore, Esq.