UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO. 26-CV-22409-RKA

ARGIROS D.O.O, a Croatian limited liability company,

*Plaintiff*,

v.

MARMER INVESTMENTS LIMITED, *in personam*, and M/Y KAISER, a 2011 196' Abeking & Rasmussen Motor Yacht, *in rem*,

*Defendants*.

_____________________________________/

**JOINT SCHEDULING REPORT**

Plaintiff, ARGIROS D.O.O. ("Argiros") and Defendants, MARMER INVESTMENTS LIMITED ("Marmer"), in personam, and M/Y KAISER, a 2011 196' Abeking & Rasmussen Motor Yacht ("Vessel"), in rem, (collectively, "Defendants"), (Argiros and Defendants collectively referred to as "Parties"), hereby file this Joint Scheduling Report as follows:

**A. Appropriate Case Management Track**

The parties request that this action be placed on the "Standard Track" as described in Local Rule 16.1(a)(2)(B).

**B. Likelihood of Settlement**

The likelihood of settlement is unknown. Counsel will continue to discuss settlement, as appropriate, during litigation.

**C. Likelihood of Appearance of Additional Parties**

The Parties do not anticipate the appearance of additional parties at this time. The parties may want to amend their pleadings if new information is revealed by their respective Disclosures and/or discovery.

**D. Proposed Deadlines**

| | |
|---|---|
| Exchange Initial Disclosures | September 2, 2026 |
| Amend Pleadings / Join Additional Parties | September 23, 2026 |
| Exchange Fact Witness and Expert Witness Lists | November 9, 2026 |
| Exchange Expert Reports | December 7, 2026 |
| Exchange Rebuttal Expert Reports | December 28, 2026 |
| Complete All Discovery (including expert depositions) | January 29, 2027 |
| File Dispositive Motions, Motions in Limine, Daubert Motions, Motions for Summary Judgment, etc. | February 12, 2027 |
| File Joint Pretrial Stipulation | March 12, 2027 |
| Submit Deposition Designations | March 12, 2027 |
| Trial Calendar | March 2027 |

**E. Proposals for Formulation and Simplification of Issues**

The Parties agree to continue discussing how to formulate and simplify the issues present in this case. At this time, the Parties are unable to further simplify the issues. The Parties are hopeful that they will be able to simplify the issues during and after discovery and further investigation, and prior to the pre-trial conference, if any, or the trial of this matter.

**F. Amendments to the Pleadings**

The Parties may wish to file amended pleadings based on information revealed by initial Rule 26 disclosures and discovery.

**G. Discovery issues (Admissions of Fact, Stipulations of Authenticity, etc.)**

The Parties agree to endeavor in good faith efforts to enter into stipulations regarding the authenticity of documents and other evidentiary matters, if possible. As discovery progresses, the Parties will also attempt to minimize the need for advance rulings by the Court and unnecessary proof of admitting facts that are not disputed.

**H. Minimizing Unnecessary Proof and Cumulative Evidence**

The Parties do not anticipate there being unnecessary proof and cumulative evidence on any issue in this case at this time. However, the Parties will continue to engage in a cooperative fashion with respect to the avoidance of unnecessary proof and cumulative evidence.

**I. Referral of Matters to the Magistrate**

The Parties agree that motions concerning discovery matters may be referred to the Magistrate Judge. However, the Parties reserve the right to appeal discovery rulings to the District Court Judge. At this time, however, the Parties do not agree to the referral of any other matters to a Magistrate Judge.

**J. Estimated Time for Trial**

The Parties anticipate that trial will require three (3) to five (5) days.

**K. Pre-Trial Conference and Trial Dates**

At the present time, the Parties request a trial on the Court's March 2027 trial calendar and defer to the Court's preference on scheduling a Pretrial Conference.

**L. Discovery of ESI & Privilege Claims**

At this time, the Parties do not anticipate any issues regarding the disclosure, discovery or preservation of ESI. If any such disagreement arises, the Parties will use their best efforts to resolve amicably the issue(s) between themselves before seeking Court intervention.

**M. Other Helpful Information**

None at this time.

**N. Rule 26(f)(3) Discovery Plan**

**A. What Changes should be made in timing, form, or requirements for disclosures under Rule 26(a).**

The parties do not anticipate the need for changes to the timing, form, or requirement for disclosures under Rule 26(a). The Parties agree to make their initial disclosures on or before September 2, 2026.

**B. The subjects on which discovery may be needed, when discovery should be completed, and whether the discovery should be conducted in phases or be limited to or focused on particular issues.**

Discovery will be necessary on all matters regarding liability and damages. The Parties do not believe discovery should be conducted in phases or be limited on any particular issues.

**C. Any issues about disclosure, discovery, or preservation of electronically stored information.**

The Parties do not anticipate any issues arising regarding disclosure, discovery, or preservation of electronically stored information.

**D. Any issues about claims of privilege or of protection as trial preparation materials.**

The Parties do not anticipate any issues arising regarding claims of privilege or of protection of trial preparation materials.

**E. What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

The Parties do not anticipate the need for any changes or deviation from the limitations on discovery imposed under the Federal Rules of Civil Procedure or the local rules.

**F. Any other orders that the Court should issue under Rule 26(c) or under rule 16(b) and (c).**

The Parties presently do not anticipate the need for any Orders under Rule 26(c) or under Rule 16(b) and (c).

Respectfully submitted August 4, 2026

| | |
|---|---|
| */s/ Serena A. Witter*<br>Serena A. Witter, Esq.<br>Fla. Bar No. 45216<br>Michael Karcher<br>Florida Bar No. 516287<br>ROBERT ALLEN LAW<br>The Four Seasons Office Tower<br>1441 Brickell Avenue, Suite 1400<br>Miami, Florida 33131<br>Tel. (305) 372-3300<br>Fax. (305) 379-7019<br>Email: switter@robertallenlaw.com<br>mkarcher@robertallenlaw.com<br>litigation@robertallenlaw.com<br>*Counsel for Defendants* | Moore & Company, P.A.<br>255 Aragon Avenue, 3rd Floor<br>Coral Gables, FL 33134<br>Telephone: 786-221-0600<br>Facsimile 786-2201-0601<br>*Counsel for Plaintiff*<br><br>/s/ Michael Moore<br>Michael T. Moore, Esq.<br>Florida Bar No. 207845<br>michael@moore-and-co.com<br>Dillon M. Weiss, Esq.<br>Florida Bar No. 1075706<br>dweiss@moore-and-co.com |

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the foregoing has been electronically filed with this Court's CM/ECF docketing system this 4th day of August, 2026, and a true and correct copy is being delivered via CM/ECF to all counsel of record.

/s/ Michael Moore
Michael T. Moore, Esq.
Florida Bar No. 207845