UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO. 26-cv-22409-ALTMAN

ARGIROS D.O.O., a Croatian limited liability company,

*Plaintiff*,

v.

MARMER INVESTMENTS LIMITED, *in personam,* and M/Y KAISER, a 2011 196' Abeking & Rasmussen Motor Yacht, *in rem*,

*Defendants*.
_______________________________________/

**DEFENDANT VESSEL M/Y KAISER'S MOTION FOR APPROVAL OF SPECIAL BOND IN LIEU OF ARREST**

COMES NOW, Defendant Vessel M/Y KAISER ("Vessel"), pursuant to Supplemental Rule E(5)(a), respectfully requests the Court's approval of the posting of a stipulated security in lieu of arrest of the Defendant Vessel and, in support, states as follows:

1. On April 7, 2026, Plaintiff filed its three-count Verified Complaint, bringing a Rule C maritime lien for necessaries against Defendant Vessel *in rem* (Count I), a Rule C maritime lien for seaman's wages against Defendant Vessel *in rem* (Count II), and an unjust enrichment claim against Defendant Marmer Investments Limited ("Marmer") *in personam* (Count III) ("Verified Complaint"). (ECF No. 1, Verified Complaint).

2. On or about May 14, 2026, the parties entered into an Escrow Agreement, whereby they agreed to the following:

   a. Defendant Marmer, as Vessel owner, agreed to place $600,000.00 as security in escrow with Robert D. McIntosh, Esq. as Escrow Agent;

   b. Plaintiff agreed not to arrest or otherwise restrain the Defendant Vessel;

c. The Escrow Agent agreed not to disburse any escrowed funds absent upon written agreement of all parties or pursuant to a lawful order of this Court;

d. Defendant Marmer would file a claim of owner and enter an *in rem* appearance on behalf of Defendant Vessel.

(Exhibit A, Escrow Agreement at 1–2, ¶¶ 1–4).

3. Pursuant to the Escrow Agreement, the deposit of $600,000.00 security in escrow was in exchange for "Plaintiff's agreement not to arrest, or otherwise restrain the Defendant Vessel, M/Y Kaiser. . . ." (*Id*. at 1 ¶ 1).

4. The parties agreed that the $600,000.00 deposit would "stand as security for any Rule C or Rule B claims against the Vessel and/or its Owners for any final judgment. . . awarded by the Court or. . . released by agreement of the parties and/or by Court Order." (*Id*. at 2, ¶ 5). Notably, Plaintiff's Verified Complaint contains two Rule C claims (Counts I and II) and does not contain any Rule B claim. (ECF No. 1, Verified Complaint).

5. The parties further agreed that the entering into the Escrow Agreement would not constitute a waiver of the defenses available to the Vessel and its owners. (Exhibit A, Escrow Agreement at 2, ¶ 4).

6. On or about May 27, 2026, in lieu of arrest of the Vessel an in accordance with the Escrow Agreement, Defendant Vessel posted the agreed security in the amount of $600,000.00 as a special bond and substitute *res* solely with respect to Plaintiff's Rule C *in rem* maritime claims asserted in its Verified Complaint against the Defendant Vessel.

7. In accordance with the Escrow Agreement, the stipulated escrowed funds stand as substitute security for Plaintiff's Rule C *in rem* maritime claims asserted in its Verified Complaint against the Vessel, and the substitute *res* is subject to the jurisdiction of this Court.

8. Supplemental Rule E provides that the parties can stipulate to the amount of a

special bond in order to release the Vessel from arrest. Supplemental Rule E(5)(a).

9. The amount of $600,000.00 was stipulated by the parties and is deemed to include two years of interest at 6% in accordance with Local Admiralty Rule E(8)(a)(i).

10. Accordingly, Defendant Vessel respectfully requests the Court's approval of the $600,000.00 special bond posted in lieu of arrest.

11. Upon Court approval of the special bond, Marmer will enter the required appearances on behalf of Defendant Vessel *in rem* for the Rule C claims asserted in the Verified Complaint against the Defendant Vessel.

12. A proposed Order is attached approving the $600,000 special bond in lieu of arrest. *See* Exhibit B.

WHEREFORE, Defendant Vessel, *in rem*, respectfully requests that this Court enter an Order as follows:

a. Granting the Motion;

b. Approving the special bond in the amount $600,000 in lieu of arrest. *See* proposed Order attached as Exhibit B; and

c. Granting such further relief as the Court deems appropriate.

**CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Local Rule 7.1(a)(3), I certify that the undersigned has conferred with counsel for Plaintiff over the course of numerous conversations and emails from June 2026 through August 2026 in a good faith effort to resolve the issues raised in the Motion. Plaintiff does not oppose obtaining the Court's approval of the special bond. Plaintiff instead opposes the Defendants' position that the special bond only covers Plaintiff's Rule C *in rem* claims asserted in the Verified Complaint (Count I and II).

Dated: September 28, 2026

Respectfully Submitted,

*/s/ Serena A. Witter*

Serena A. Witter, Esq.
Fla. Bar No. 45216
Michael Karcher, Esq.
Florida Bar No. 516287

ROBERT ALLEN LAW
The Four Seasons Office Tower
1441 Brickell Avenue, Suite 1400
Miami, Florida 33131
Tel. (305) 372-3300
Fax. (305) 379-7019
Email: switter@robertallenlaw.com
mkarcher@robertallenlaw.com
litigation@robertallenlaw.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on this 28th day of September, 2026, a true and correct copy of the foregoing served via the CM/ECF system on all counsel of record indicated below.

Michael T. Moore, Esq.
Caycie Flitman, Esq.
Dillon M. Weiss, Esq.
MOORE & COMPANY, P.A.
255 Aragon Avenue, Third Floor
Coral Gables, Florida 33134
Tel. (786) 221-0600
Fax (786) 221-0601
Email michael@moore-and-co.com
cflitman@moore-and-co.com
dweiss@moore-and-co.com

*Counsel for Plaintiff*

*/s/ Serena Witter*

Serena A. Witter, Esq.