# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-cv-22409-RKA

ARGIROS, D.O.O.,
a Croatian limited liability company

Plaintiff,

vs.

MARMER INVESTMENTS LIMITED *in personam*, and
M/Y KAISER, a 2011 196' Abcking & Rasmussen
Motor Yacht, *in rem*,

Defendants.

_______________________________/

## ESCROW AGREEMENT – Article I

This Escrow Agreement is made this 5th day of May, 2026, between ARGIROS, D.O,O (as Plaintiff) and MARMER INVESTMENTS LIMITED as Owners of the M/Y KAISER, a 2011 196' Abeking & Rasmussen Motor Yacht (the Defendant Vessel) with regard to the lawsuit filed against the Defendant Vessel in the above captioned case.

1. **Lawsuit** On April 7th, 2026, a lawsuit was filed in US District Court between the Plaintiff, ARGIROS, D.O.O., (Plaintiff) and MARMER INVESTMENTS LIMITED and the M/Y KAISER (Defendants,) in the above-captioned case.

2. **Terms** As part of this agreement, and in consideration of Plaintiff's agreement to not arrest, or otherwise restrain the Defendant Vessel, M/Y KAISER, and or otherwise restraining other assets or property belonging to the owners of said Vessel, MARMER INVESTMENTS LIMITED, as owner for the Vessel, hereby agrees that MARMER INVESTMENTS LIMITED, would agree to place escrow funds with regard to the Complaint against the M/Y KAISER, in the amount of Six Hundred Thousand Dollars and Zero Cents ($600,000.00.) This payment will be placed in escrow with Robert D. McIntosh, Esq., of the law firm of Fowler White Burnett, who will act as the Escrow Agent and the funds will be placed in the Fowler White Burnett Trust Account.

3. **Escrow Agent** Robert D. McIntosh, Esq., of the law firm of Fowler White Burnett, as the Escrow Agent, agrees that he will not disburse any of the settlement funds, absent a mutual signed agreement between ARGIROS, D.O,O as Plaintiff and MARMER INVESTMENTS LIMITED as Owners of the M/Y KAISER, as Defendant with regard to



MTM

the distribution of the funds with regard to any settlement of the Complaint between the Plaintiff, ARGIROS, D.O.O and the M/Y KAISER, or upon a final ruling of the Court upon the disbursement of these funds. This amount shall remain in the trust account and shall not be released until ordered by the United States District Court (or any appellate court ruling for this action) or a signed stipulation and agreement of the parties to the lawsuit. It is further agreed that Escrow Agent will provide proof of deposit for such funds in its trust account and that the Escrow Agent shall not release the funds without Court Order or a signed stipulation and agreement of the parties to the lawsuit.

4. **Appearance** MARMER INVESTMENTS LIMITED as Owners and on behalf of the Vessel, M/Y KAISER agree to file or cause to be filed, an appearance on behalf of said Vessel in the above captioned suit, and to file or cause to be filed a claim by or on behalf of said Vessel in this or any such action or arbitration proceeding, irrespective of whether or not the vessel is still in the jurisdiction of the court at the time and without raising any question as to her absence from the jurisdiction and whether the vessel is lost or not lost, sold or transferred, in port or not in port, said in rem appearance and claim of owner to be consistent with the defenses available to the vessel and its owners as such defenses may appear in the future, and this Escrow Agreement shall not constitute a waiver of any of these defenses available to the vessel or owners. This Escrow Agreement is made without prejudice to either party's claims for entitlement to the escrow funds.

5. **Judgment or Settlement** Defendants agree that in the event of a final judgment (after appeal, if any) against the Vessel or following the entry of any arbitration award as the result of binding local arbitration against said Vessel and/or her owners in such suit or arbitration proceeding, the owner on behalf of the Vessel, agrees to pay and satisfy up to and not exceeding the amount of $600.000.00 the said final judgment, arbitration award or any lesser amount adjudged to be settled between the parties without final decree or arbitration award being rendered where said settlement has been made with the approval of the owner. Notwithstanding the foregoing, the $600,000.00 represents only the limit of the security provided under this Agreement and shall not be construed as a limitation of liability to the Defendant MARMER. Defendant MARMER shall remain liable for the full amount of any judgment, arbitration award, or approved settlement, and Claimant reserves all rights to recover any amounts in excess of the amount from Defendant MARMER. This deposit will stand as security for any Rule C or Rule B claims against the Vessel and/or its Owners for any final judgement or arbitration award for damages, costs, interest, or fees awarded by the Court or arbitrator or released by agreement of the parties and/or by Court Order.

**ESCROW AGENT**

**Appointment of Escrow Agent (Article 2)**

1. Robert D. McIntosh, Esq., of the law firm of Fowler White Burnett, undertakes to perform as Escrow Agent, only such duties as are expressly set forth in this Agreement and no implied duties or obligations will be read into this Agreement against Escrow Agent. Escrow Agent may exercise any of its rights, powers, or responsibilities under the Agreement either by or through its agents or attorneys.

2. **Limitation of Escrow Agent's Capacity.**

**A.** This Escrow Agreement expressly and exclusively sets forth the duties of Escrow Agent with respect to any and all matters pertinent hereto, and no implied duties or obligations shall be read into this Escrow Agreement against Escrow Agent. This Escrow Agreement constitutes the entire agreement between the Escrow Agent and the other parties hereto in connection with the subject matter of this escrow, and no other agreement entered into between the parties, or any of them, shall be considered as adopted or binding, in whole or in part, upon the Escrow Agent notwithstanding that any such other agreement may be referred to herein or deposited with Escrow Agent or the Escrow Agent may have knowledge thereof, and Escrow Agent's rights and responsibilities shall be governed solely by this Escrow Agreement.

**B.** Escrow Agent acts hereunder as a depository only, and is not responsible or liable in any manner whatsoever for the sufficiency, correctness, genuineness or validity of the subject matter of this Escrow Agreement or any part thereof, or for the form of execution thereof, or for the identity or authority of any person executing or depositing such subject matter. Escrow Agent shall be under no duty to investigate or inquire as to the validity or accuracy of any document, agreement, instruction or request furnished to it hereunder believed by it to be genuine and Escrow Agent may rely and act upon, and shall not be liable for acting or not acting upon, any such document, agreement, instruction or request. Escrow Agent shall in no way be responsible for notifying, nor shall it be its duty to notify, any party hereto or any other party interested in this Escrow Agreement of any payment required or maturity occurring under this Escrow Agreement or under the terms of any instrument deposited herewith.

**2.1 Authority to Act.**

**A.** Escrow Agent is hereby authorized and directed by the undersigned to deliver the subject matter of this Escrow Agreement only in accordance with the provisions of Article I of this Escrow Agreement.

**B.** Escrow Agent shall be protected in acting upon any written notice, request, waiver, consent, certificate, receipt, authorization, power of attorney or other paper or document which Escrow Agent in good faith believes to be genuine and what it purports to be, including, but not limited to, items directing investment or non-investment of funds,

items requesting or authorizing release, disbursement or retainage of the subject matter of this Escrow Agreement and items amending the terms of this Escrow Agreement.

**C.** In the event of any disagreement between any of the parties to this Escrow Agreement, or between any of them and any other person, resulting in adverse claims or demands being made in connection with the matters covered by this Escrow Agreement, or in the event that Escrow Agent, in good faith, be in doubt as to what action it should take hereunder, Escrow Agent may, at its option, refuse to comply with any claims or demands on it, or refuse to take any other action hereunder, so long as such disagreement continues or such doubt exists, and in any such event, Escrow Agent shall not be or become liable in any way or to any person for its failure or refusal to act, and Escrow Agent shall be entitled to continue so to refrain from acting until (i) the rights of all interested parties shall have been fully and finally adjudicated by a court of competent jurisdiction, or (ii) all differences shall have been adjudged and all doubt resolved by agreement among all of the interested persons, and Escrow Agent shall have been notified thereof in writing signed by all such persons or notified by any adjudicatory authority. Notwithstanding the foregoing, Escrow Agent may in its discretion obey the order, judgment, decree or levy of any court, whether with or without jurisdiction, or of any agency of the United States or any political subdivision thereof, or of any agency of the State of Florida or of any political subdivision thereof, and Escrow Agent is hereby authorized in its sole discretion, to comply with and obey any such orders, judgments, decrees or levies. The right of Escrow Agent under this sub-paragraph are cumulative of all other rights which it may have by law or otherwise.

**D.** In the event any controversy arises among the parties with respect to this Escrow Agreement, or if the Escrow Agent resigns and the parties fail to appoint a successor Escrow Agent, the Escrow Agent may institute an interpleader action exclusively in the United States District Court for the Southern District of Florida, and the parties consent to the jurisdiction and venue of that court for purposes of such proceeding.

**2.2 Indemnification.**

**A.** The parties to this Escrow Agreement (other than Escrow Agent) hereby jointly and severally agree to indemnify and hold Escrow Agent, its affiliates and their officers, employees, successors, assigns, attorneys and agents (each an "Indemnified Party") harmless from all losses, costs, claims, demands, expenses, damages, penalties and attorney's fees suffered or incurred by any Indemnified Party or Escrow Agent as a result of anything which it may do or refrain from doing in connection with this Escrow Agreement or any litigation or cause of action arising from or in conjunction with this Escrow Agreement or involving the subject matter hereof or Escrow Funds or monies deposited hereunder or for any interest upon any such monies, including, without limitation, arising out of the negligence of Escrow Agent; provided that the foregoing

indemnification shall not extend to the gross negligence or willful misconduct of Escrow Agent. This indemnity shall include, but not be limited to, all costs incurred in conjunction with any interpleader which the Escrow Agent may enter into regarding this Escrow Agreement.

**2.3 Miscellaneous.**

**A.** Escrow Agent shall make no disbursement, investment or other use of funds until and unless it has collected funds.

**B.** Escrow Agent may resign at any time by giving written notice to the parties hereto, whereupon the parties hereto will immediately appoint a successor Escrow Agent. Until a successor Escrow Agent has been named and accepts its appointment or until another disposition of the subject matter of this Escrow Agreement has been agreed upon by all parties hereto, Escrow Agent shall be discharged of all of its duties hereunder save to keep the subject matter whole.

**C.** All representations, covenants, and indemnifications contained in this Article II shall survive the termination of this Escrow Agreement.

**D.** Any recipient of Escrow funds shall execute and deliver to escrow agent a form W-9 (Exhibit B).

## GENERAL PROVISIONS – Article III

**3.1 Discharge of Escrow Agent.** Upon the delivery of all of the subject matter or monies pursuant to the terms of this Escrow Agreement, the duties of Escrow Agent shall terminate, and Escrow Agent shall be discharged from any further obligation hereunder.

**3.2 Escrow Instructions.** Where directions or instructions from more than one of the undersigned are required, such directions or instructions may be given by separate instruments of similar tenor. Any of the undersigned may act hereunder through an agent or attorney-in-fact, provided satisfactory written evidence of authority is first furnished to any party relying on such authority.

**3.3 Notice.** Any payment, notice, request for consent, report, or any other communication required or permitted in this Escrow Agreement shall be in writing and shall be deemed to have been given when personally delivered to the party hereunder specified or when placed in the United States mail, registered or certified, with return receipt requested, postage prepaid and addressed as follows:

If to Plaintiff
Michael T. Moore, Esq.
Moore & Company P.A.
255 Aragon Ave
Third Floor
Coral Gables, FL 33134
michael@moore-and-co.com
Attorneys for ARGIROS D.O.O.

If to Defendant
Michael R. Karcher, Esq.
Of Counsel
Robert Allen Law
1441 Brickell Ave Suite 1400
Miami, FL 33131
mkarcher@robertallenlaw.com
Attorneys for MARMER INVESTMENTS LIMITED
And M/Y KAISER

If to Escrow Agent
Robert D. McIntosh, Esq.
Fowler White Burnett
200 East Las Olas Blvd
Suite 2000 – Penthouse B
Fort Lauderdale, FL 33301
rmcintosh@fowler-white.com
As Escrow Agent

Any party may unilaterally designate a different address by giving notice of each such change in the manner specified above to each other party. Notwithstanding the foregoing, no notice to the Escrow Agent shall be deemed given to or received by the Escrow Agent unless actually delivered to an officer of the Escrow Agent having responsibility under this Escrow Agreement.

**3.4 Governing Law.** This Escrow Agreement is being made in and is intended to be construed according to the laws of the State of Florida. It shall inure to and be binding upon the parties hereto and their respective successors, heirs and assigns.

**3.5 Construction.** Words used in the singular number may include the plural and the plural may include the singular. The section headings appearing in this instrument have been inserted for convenience only and shall be given no substantive meaning or significance whatsoever in construing the terms and conditions of this Escrow Agreement.

3.6 **Amendment.** The terms of this Escrow Agreement may be altered, amended, modified or revoked only by an instrument in writing signed by the undersigned and Escrow Agent.

3.7 **Force Majeure**. Escrow Agent shall not be liable to the undersigned for any loss or damage arising out of any acts of God, strikes, equipment or transmission failure, war, terrorism, or any other act or circumstance beyond the reasonable control of Escrow Agent.

3.8 **Written Agreement.** This Escrow Agreement represents the final agreement between the parties, and may not be contradicted by evidence of prior, contemporaneous or subsequent oral agreements of the parties. There are no unwritten oral agreements between the parties.

3.9 **Counterparts.** This Escrow Agreement may be executed by facsimile signature and executed in two or more counterparts, each of which shall be deemed an original and all of which taken together shall constitute one and the same instrument.

**SIGNATURES**

Michael T. Moore, Esq.
Moore & Company P.A.
255 Aragon Ave
Third Floor
Coral Gables, FL 33134
Attorneys for ARGIROS D.O.O.
By: [signature] Date 5/14/26
Michael T. Moore, Esq

Michael R. Karcher, Esq.
Of Counsel
Robert Allen Law
1441 Brickell Ave Suite 1400
Miami, FL 33131
Attorneys for MARMER INVESTMENTS LIMITED
And M/Y KAISER

By: [signature] Date 5/14/26
Michae R. Karcher, Esq.

Robert D. McIntosh, Esq. as Escrow Agent, hereby accepts its appointment as Escrow Agent as described in the foregoing Escrow Agreement, subject to the terms and conditions set forth therein.

Robert D. McIntosh, Esq.
Fowler White Burnett
200 East Las Olas Blvd
Suite 2000 – Penthouse B
Fort Lauderdale, FL 33301
As ESCROW AGENT

By: ____________________
Robert D. McIntosh, Esq.

Date 14 May 2026