**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-22409-ALTMAN**

**ARGIROS D.O.O.**,

*Plaintiff*,

*v.*

**MARMER INVESTMENTS LIMITED**, *in personam*, and **M/Y KAISER**, *in rem*,

*Defendants.*

________________________________________/

## ORDER APPROVING SPECIAL BOND IN LIEU OF ARREST

The *in rem* Defendant M/Y KAISER (the "Vessel") has filed a Motion for Approval of Special Bond in Lieu of Arrest (the "Motion") [ECF No. 24]. That Motion explains, among other things, that the "parties entered into an Escrow Agreement, whereby they agreed" that the *in personam* Defendant Marmer Investments Limited ("Marmer") would "place $600,000 as security in escrow"; that the Plaintiff would "not arrest or otherwise restrain the . . . Vessel"; that the "Escrow Agent" would not "disburse any escrowed funds absent upon written agreement of all parties or pursuant to a lawful order of this Court"; and that Marmer "would file claim of owner and enter an *in rem* appearance on behalf of" the Vessel. *Id.* at 1–2; *see also id.* at 2 (noting that the parties "further agreed that the entering into the Escrow Agreement would not constitute a waiver of the defenses available to the Vessel and its owners"). After careful review, we **GRANT** the Motion and order as follows:

1. The posting of a special bond in the amount of $600,000.00 in lieu of arrest is **APPROVED**.

2. The special bond in the amount of $600,000.00 posted in escrow shall be in lieu of the arrest of the Vessel, shall stand as the agreed security for the Plaintiff's Rule C *in rem*

maritime claims asserted in the Complaint [ECF No. 1] pending further order of the Court, and the Court shall have jurisdiction over this *res*.

3. The special bond in the amount of $600,000.00 in lieu of arrest, deposited in the Fowler White Burnett Trust Account pursuant to a Joint Escrow Agreement between the parties, shall not be released unless signed by all parties or pursuant to a lawful order of this Court.

4. Marmer, on behalf of the Vessel, must serve its Statement of Interest in accordance with Supplemental Rule C.

5. Marmer, on behalf of the Vessel, must serve its Answer to the Complaint in accordance with Supplemental Rule C.

**DONE AND ORDERED** in the Southern District of Florida on October 14, 2026.

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**