UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

CASE NO. 26-cv-22409-ALTMAN

ARGIROS D.O.O.,
a Croatian limited liability company,

Plaintiff,

v.

MARMER INVESTMENTS LIMITED, *in personam,* and
M/Y KAISER, a 2011 196' Abeking & Rasmussen Motor Yacht, *in rem*, $600,000 held as security in escrow in
lieu of the arrest of M/Y Kaiser, *in rem* and pursuant to Rule B

Defendants.
_______________________________________/

**VERIFIED FIRST AMENDED COMPLAINT**

COMES NOW, Plaintiff Argiros d.o.o. ("Plaintiff" or "Argiros"), a Croatian limited liability company, by and through undersigned counsel and pursuant to the Federal Rules of Civil Procedure, hereby files this Verified First Amended Complaint and sues Marmer Investments Limited ("Marmer" or "Owner"), *in personam,* and M/Y Kaiser, a 2011 model, 196-foot Abeking & Rasmussen motor yacht registered in the Cayman Islands, with O.N. 742935 ("Vessel"), its engines, tackle, furniture, furnishings, personal watercraft, and appurtenances, *in rem,* and that certain $600,000 held as security in escrow pursuant to Rule B of the Supplemental Admiralty Rules.

**INTRODUCTION**

1. This admiralty action arises from Plaintiff's payment of crew wages totaling €424,633.63 for the Vessel, made at the direction of the Vessel's Captain, Luksa Plecas, acting as agent for the Owner, who is authorized to procure necessaries for the Vessel. These payments were

necessary for the continued operation of the Vessel and were incurred to ensure that the Vessel remained crewed, operational, and in compliance with its obligations. Despite demand, Defendants have failed to reimburse Plaintiff for the amounts due and owing.

2. As a result, Plaintiff holds a valid maritime liens against the Vessel for necessaries and for crew wages. Plaintiff further asserts a claim for unjust enrichment against Defendant Marmer Investments Limited, the Vessel's record owner. Through this action, Plaintiff seeks to recover all sums due and owing from Defendants.

**PARTIES**

3. Plaintiff, Argiros D.O.O. ("Argiros"), is a Croatian limited liability company formed under the laws of Croatia with its principal place of business in Croatia and was employed as the Vessel's yacht management company.

4. Defendant Marmer Investments Limited, *in personam*, is a Cayman Islands entity that maintains its principal place of business outside the State of Florida and is the record owner of the Vessel.

5. Defendant, M/Y KAISER, is a 2011 196-foot Abeking & Rasmussen motor yacht bearing official number 742935, registered in the Cayman Islands, including her engines, tackle, furniture, furnishings, personal watercraft, and all other accessories and appurtenances, *in rem*.

6. Pursuant to the Order Approving Special Bond in Lieu of Arrest [DE 26] and the Parties' Escrow Agreement, $600,000.00 is being held as security in escrow, against which Argiros makes a claim *in rem* and a maritime attachment and garnishment.

7. At all material times, Owner owns M/Y Kaiser, a 2011 model, 196-foot Abeking & Rasmussen motor yacht registered in the Cayman Islands, with O.N. 742935, its engines, tackle, furniture, furnishings, personal watercraft, and appurtenances, *in rem*.

8. Plaintiff seeks damages from Defendant and is seeking a writ of attachment of the Defendant's property to obtain security and jurisdiction for *in personam* claims against the Defendant owner of the Vessel.

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1333, as this is a civil case of admiralty and maritime jurisdiction involving the enforcement of maritime liens against a vessel.

10. Plaintiff invokes the Court's admiralty jurisdiction under Title 28 USC § 1333(1) and Supplemental Rules C and E to foreclose its maritime lien and recover damages arising from the acts and/or omissions of the *in rem* Defendant, M/Y Kaiser, which is present in this jurisdiction because of the $600,000.00 substitute security held in Fowler White Burnett P.A.'s Trust Account.

11. Plaintiff invokes Supplemental Admiralty Rule B to attach and garnish Defendant, Marmer Investments Limited's $600,000.00 security located within this District in support of Plaintiff's maritime unjust enrichment claim against the Vessel Owner. The Court has *in personam* jurisdiction over the Defendant's property arising from a maritime claim because said property is currently within this jurisdiction or is expected to be in this district during the pendency of this action, where the Defendant itself cannot be found.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391, as the Defendant's security is currently located within the Southern District of Florida, constituting a substantial part of the property that is the subject of this action.

## GENERAL ALLEGATIONS

13. At all material times, Plaintiff Argiros, was the yacht management company engaged in, inter alia, the administration and payment of crew wages and other operational expenses and was engaged to provide such services for the Vessel.

14. The Vessel is a 2011 model, approximately 196-foot Abeking & Rasmussen motor yacht bearing official number 742935 and IMO number 1010466, registered in the Cayman Islands and flying the Cayman flag, together with her engines, tackle, furniture, furnishings, equipment, tenders, personal watercraft, and all other necessaries and appurtenances, sued herein in rem.

15. Marmer is the registered owner of the Vessel.

16. At all material times, the Captain possessed actual and/or apparent authority to procure necessaries on behalf of the Vessel and its Owner.

17. In the ordinary course of operations, the Captain issued written salary notifications to Plaintiff identifying crew members, applicable pay periods, and wages due. True and correct copies of the salary notifications are attached hereto as *Exhibit A*.

18. These salary notifications were issued on behalf of the Vessel and Owner and constituted orders directing Plaintiff to disburse crew wages for the benefit of the Vessel. *See Exhibit A.*

19. All necessaries provided by Plaintiff, including the payment of crew wages, were furnished on the order of Marmer, through its authorized agent being the Vessel's Captain.

20. In reliance on such instructions, and pursuant to the parties' established course of dealing, Plaintiff paid crew wages on behalf of the Vessel. True and correct copies of the payment records are attached hereto as *Exhibit B.*

21. The payment of crew wages constitutes the provision of necessaries to a vessel under applicable maritime law.

22. Consistent with this course of dealing, Plaintiff paid the Vessel's crew wages for the following months:

    a. June 2024 in the amount of €104,599.89;

    b. September 2024 in the amount of €102,573.70;

    c. October 2024 in the amount of €114,017.11; and

    d. February 2025 in the amount of €103,442.93.

    *See Exhibit B.*

23. The total amount advanced by Plaintiff for these unpaid crew wages is €424,633.63 (four hundred twenty-four thousand six hundred thirty-three euros and sixty-three cents).

24. The services rendered and payments advanced by Plaintiff were necessary for the continued operation, seaworthiness, and mission of the Vessel.

25. The Vessel and Owner knowingly accepted, used, and benefited from Plaintiff's provision of necessaries, including the payment of crew wages.

26. Equity and good conscience require that Defendants not retain the benefit of Plaintiff's services without payment.

27. Upon information and belief, the Vessel is a mobile asset capable of being moved, transferred, or sold outside the jurisdiction, thereby prejudicing Plaintiff's ability to obtain relief.

28. On May 14, 2026, Argiros and Marmer executed an Escrow Agreement, whereby the Defendants agreed to post security in the amount of $600,000.00. The funds are held in the trust account of Fowler White Burnett, P.A. *A true and correct copy of Escrow Agreement is attached hereto as Exhibit D.*

29. Under federal maritime law, Supplemental Rule B, and the Local Admiralty Rules, Plaintiff is entitled to attach property as security for claims arising in admiralty.

**COUNT I – FORECLOSURE OF MARITIME LIEN FOR NECESSARIES AGAINST THE YACHT *IN REM***

30. Plaintiff repeats and realleges paragraphs 3 through 29 as if fully set forth herein.

31. This is an action in rem to enforce and foreclose a maritime lien against the Vessel, her engines, tackle, apparel, furniture, equipment, and appurtenances pursuant to the General Maritime Law and Supplemental Admiralty Rule C.

32. While M/Y Kaiser is no longer in the District, $600,000.00 substitute security was placed in escrow and therefore the *res* is still within the Court's jurisdiction.

33. Plaintiff provided necessaries to the Vessel as described in *Exhibit B* in the amount of €424,633.63.

34. The payment of crew wages constitutes "necessaries" within the meaning of applicable maritime law, as such services are essential to the operation, navigation, and seaworthiness of the Vessel.

35. Plaintiff furnished such necessaries to the Vessel on the order of the Vessel's Captain, as the authorized agent of the Owner.

36. At all material times, the Captain possessed actual and/or apparent authority to procure necessaries on behalf of the Vessel, of which Marmer Investments Limited is vicariously or technically liable.

37. In reliance on such authority and pursuant to the established course of dealing, Plaintiff advanced funds to pay crew wages for the benefit of the Vessel and on the Vessel's account.

38. The necessaries provided by Plaintiff directly benefitted the Vessel by enabling it to operate, remain seaworthy, and fulfill its intended purpose.

39. Plaintiff has not been paid for the necessaries it provided to the Vessel despite repeated demands.

40. Title 46 U.S.C. § 31342 provides Argiros a statutory cause of action that enables it to foreclose the maritime necessaries lien against the Vessel (i.e. the $600,000.00 security) through this *in rem* action.

41. In addition, Argiros has a general maritime law cause of action to foreclose a maritime lien against the Vessel, particularly the security provided to secure the Vessel's release to recover the amount due for necessaries.

42. As a result of the foregoing, Plaintiff holds a valid maritime lien against the Vessel for necessaries in the amount of €424,633.63 (four hundred twenty-four thousand six hundred thirty-three euros and sixty-three cents), plus interest, costs, and attorneys' fees as permitted by law.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and grant the following relief:

A. The Court order the Clerk of Court to issue a warrant of arrest *in rem* for the $600,000.00 substitute security that represents the Defendant Vessel, M/Y KAISER, together with her engines, tackle, apparel, furniture, furnishings, equipment, tenders, personal watercraft, and all other necessaries and appurtenances, and that the United States Marshal be directed to serve the warrant on Fowler White Burnett P.A. which has the substitute security escrowed in its trust account;

B. That the Court direct the manner in which Plaintiff shall provide notice of this action to all persons or entities who may claim an interest therein;

C. That Plaintiff be awarded judgment against the Defendant Vessel, in rem, for its maritime lien for necessaries in the amount of €424,633.63, together with pre-judgment and post-judgment interest as allowed by law;

D. That Plaintiff's maritime liens be adjudged valid, enforceable, and of priority in accordance with applicable maritime law;

E. That the court condemn M/Y Kaiser, particularly the substitute security, and order it disbursed by Fowler White Burnett P.A. to pay the *in rem* judgment awarded to Argiros;

F. That Plaintiff be awarded reasonable attorneys' fees to the extent permitted by applicable law;

G. That the Court retain jurisdiction over the substitute security and the parties for all purposes;

H. That Plaintiff be granted such other and further relief as this Court deems just and proper.

**COUNT II - FORECLOSURE OF MARITIME LIEN FOR SEAMEN'S WAGES AGAINST THE YACHT *IN REM***

43. Plaintiff repeats and realleges paragraphs 3 through 29 as if fully set forth herein.

44. This is an action in rem to enforce and foreclose a maritime lien against the Vessel, her engines, tackle, apparel, furniture, equipment, and appurtenances pursuant to the General Maritime Law and Supplemental Admiralty Rule C.

45. While M/Y Kaiser is no longer in the District, $600,000.00 substitute security was placed in escrow and therefore the *res* is still within the Court's jurisdiction.

46. At all material times, the crew of the Vessel earned wages for services rendered aboard the Vessel.

47. At the direction of the Captain, acting as the authorized agent of the Vessel and its Owner, Plaintiff advanced funds to pay the crew's wages on behalf of the Vessel.

48. The funds advanced by Plaintiff were provided for the purpose of satisfying the crew's wage claims against the Vessel.

49. Plaintiff's payments were made on the express order and request of the Vessel's Captain.

50. At all material times, the Captain possessed actual and/or apparent authority to procure necessaries on behalf of the Vessel, of which Marmer Investments Limited is vicariously or technically liable.

51. Plaintiff's payments were used to satisfy the crew's wage claims in full for the relevant periods. *See Exhibit B*.

52. Plaintiff made such payments to protect its own commercial and legal interests, including its ongoing contractual and operational role with respect to the Vessel.

53. Plaintiff did not act as a volunteer in making such payments.

54. Plaintiff was not primarily liable for the crew's wages, which were obligations of the Vessel and its Owner.

55. By paying the crew's wages, Plaintiff discharged the Vessel's obligations to the crew for those periods.

56. The Captain confirmed, in a written statement, that Plaintiff fully paid all crew wages through and including February 2025 in accordance with the Vessel's salary instructions. *A true and correct copy of the Captain's letter is attached hereto as Exhibit C.*

57. By paying those wages on behalf of the Vessel, Plaintiff is equitably subrogated to the crew's preferred maritime liens and thereby holds liens of the same nature, dignity, and priority.

58. Subrogation in these circumstances does not prejudice any third party and is necessary to prevent unjust enrichment of the Vessel and its Owner.

59. Plaintiff has not been paid despite repeated demands, including by any purported payments made through third-party entities.

60. Title 46 U.S.C. § 31301(5)(D) provides Argiros a statutory cause of action that enables it to foreclose its preferred maritime lien for crew wages against the Vessel (i.e. the $600,000.00 security) through this *in rem* action.

61. As a result of the foregoing, Plaintiff holds a maritime lien for crew wages against the Vessel, by equitable subrogation, in the amount of €424,633.63, plus interest, costs, and attorneys' fees as permitted by law.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and grant the following relief:

A. The Court order the Clerk of Court to issue a warrant of arrest *in rem* for the $600,000.00 substitute security that represents the Defendant Vessel, M/Y KAISER, together with her engines, tackle, apparel, furniture, furnishings, equipment, tenders, personal watercraft, and all other necessaries and appurtenances, and that the United States Marshal be directed to serve the warrant on Fowler White Burnett P.A. which has the substitute security escrowed in its trust account;

B. That the Court direct the manner in which Plaintiff shall provide notice of this action to all persons or entities who may claim an interest therein;

C. That Plaintiff be awarded judgment against the Defendant Vessel, in rem, for its maritime lien for crew wages by equitable subrogation in the amount of €424,633.63, together with pre-judgment and post-judgment interest as allowed by law;

D. That Plaintiff's maritime liens be adjudged valid, enforceable, and of priority in accordance with applicable maritime law;

E. That the Court condemn M/Y Kaiser, particularly the substitute security, and order it disbursed by Fowler White Burnett P.A. to pay the *in rem* judgment awarded to Argiros;

F. That Plaintiff be awarded reasonable attorneys' fees to the extent permitted by applicable law;

G. That the Court retain jurisdiction over the substitute security and the parties for all purposes;

H. That Plaintiff be granted such other and further relief as this Court deems just and proper.

**COUNT III – UNJUST ENRICHMENT AGAINST OWNER MARMER INVESTMENTS LIMITED, INCLUDING SUPPLMENTAL ADMIRALTY RULE B ATTACHMENT OF MARMER'S PROPERTY**

62. Plaintiff repeats and realleges paragraphs 3 through 29 as if fully set forth herein.

63. Plaintiff, Argiros, sues Defendant, Marmer, for unjust enrichment arising out of maritime nature and invokes Supplemental Admiralty Rule B for purposes of attaching Marmer's property that may be found within the Southern District of Florida;

64. At all material times, Plaintiff conferred a direct and substantial benefit upon Marmer by providing necessaries to the Vessel, including the payment of crew wages required for the Vessel's operation.

65. Marmer, through its recorded ownership and control of the Vessel, knowingly accepted, used, and retained the benefits of Plaintiff's services.

66. The services provided by Plaintiff, including the payment of crew wages, were essential to the continued operation, maintenance, and seaworthiness of the Vessel, which Marmer used for its personal benefit.

67. Plaintiff provided such services with the reasonable expectation of being compensated.

68. Marmer has not paid Plaintiff for the benefits conferred, nor has Plaintiff received payment from any other source.

69. Marmer's retention of the benefit of Plaintiff's services without payment would be inequitable and unjust.

70. After the posting of substitute security pursuant to the Escrow Agreement, the M/Y Kaiser departed from the United States of America.

71. However, the Court maintains jurisdiction over the *res* consisting of $600,000.00 posted as security held in Fowler White Burnett's Trust Account.

72. Marmer Investments Limited posted the $600,000.00 security as the Owner of the M/Y Kaiser.

73. Argiros makes this unjust enrichment claim against Marmer Investments Limited and invokes Supplemental Admiralty Rule B to attach the $600,000.00 substitute security for its €424,633.63 damages, court costs, attorneys' fees, and interest.

74. Plaintiff files this maritime attachment proceeding for the purpose of obtaining security for damages in connection with Plaintiff's claims against Defendant Marmer Investments Limited.

75. Plaintiff is informed and believes, and therefore alleges that none of the officers of Defendant Marmer Investments Limited are now within this District and that Defendant Marmer Investments Limited does not maintain offices within this district, and therefore cannot be found within this district, but there is now, and during the pendency of this action, certain property assets within this District owned by Defendant Marmer Investments Limited, including the $600,000.00 in escrowed funds.

76. The Parties' Escrow Agreement expressly provides that the $600,000.00 deposit "will stand as security for any Rule C or Rule B claims against the Vessel and/or its Owners," and Plaintiff accordingly seeks attachment of those funds pursuant to Supplemental Rule B notwithstanding the Court's subsequent approval of the funds as substitute security for Rule C claims. [DE 26]. *See Exhibit D.*

77. Accordingly, Plaintiff is desirous of attaching the escrowed funds, and any other assets belonging to Marmer Investments Limited within this District in accordance with Supplemental Rule B.

78. As a direct and proximate result of the Owner's unjust enrichment, Plaintiff suffered damages in the amount of €424,633.63, plus interest.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and grant the following relief:

A. That the Court order the Clerk of Court to issue a process of attachment and garnishment of the $600,000.00 substitute security held in Fowler White Burnett P.A.'s Trust Account which is currently Defendant, Marmer Investments Limited's, property located within the Southern District of Florida and direct the U.S. Marshals Service to serve the process of attachment and garnishment on Fowler White Burnett P.A.;

B. That Plaintiff be awarded judgment on its maritime unjust enrichment claim against Marmer Investments Limited in the amount of €424,633.63, together with pre-judgment and post-judgment interest, enforceable against the property attached pursuant to Supplemental Admiralty Rule B, to the extent permitted by law;

C. That Plaintiff be awarded reasonable attorneys' fees to the extent permitted by applicable law;

D. That Plaintiff be granted such other and further relief as this Court deems just and proper.

Respectfully submitted this 19th day of October 2026

Moore & Company, P.A.
255 Aragon Avenue, 3rd Floor
Coral Gables, FL 33134
Telephone: 786-221-0600
Facsimile 786-221-0601
michael@moore-and-co.com
cflitman@moore-and-co.com
*Counsel for Plaintiff*

/s/ Michael Moore, Esq.
Michael T. Moore, Esq.
Florida Bar No. 207845

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 19, 2026, I filed a true and correct copy of the above and foregoing document with the Clerk of Court by using CM/ECF.

/s/ Michael Moore, Esq.
Michael T. Moore, Esq.

## VERIFICATION

I, Zeljan Banovac, hereby submit this verification of the attached complaint and, being duly sworn, affirm that:

1. My name is Zeljan Banovac, and I am over 18 years of age.
2. I am the Chief Executive Officer of Plaintiff. Argiros d.o.o.
3. I am authorized to make this Verification on Plaintiffs behalf.
4. I am familiar with the services Argiros performed on behalf of M/Y Kaiser.
5. I have read the attached Verified Complaint and know the contents thereof.
6. I affirm that the facts alleged in the Verified Complaint are true and correct based on my personal knowledge and review of the company records.
7. In addition, the documents in Exhibits A through C are true and correct copies of the original documents and records maintained by Plaintiff.

UNDER PENALTY OF PERJURY, UNDER THE LAWS OF THE UNITED STATES OF AMERICA, I DECLARE THAT I HAVE READ THE FOREGOING AND THE FACTS ALLEGED HEREIN ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

Pursuant to 28 U.S.C. Section 1746, I declare, certify, verify and state under penalty of perjury this 19th day of October, 2026 that the foregoing is true and correct.

ZELJAN BANOVAC, authorized representative
ARGIROS D.O.O., Plaintiff