UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

CASE NO.: 26-cv-22409-ALTMAN

ARGIROS D.O.O.

Plaintiff,

v.

MARMER INVESTMENTS LIMITED, *in personam*,
and M/Y KAISER *in rem,*

Defendants.
_____________________________/

**DEFENDANT M/Y KAISER'S ANSWER AND AFFIRMITIVE DEFENSES TO THE AMENDED COMPLAINT**

COMES NOW the Defendant, M/Y "KAISER" [1] (hereinafter the "Vessel"), through its Owner, MARMER INVESTMENTS LIMITED, and its undersigned attorneys, and files its Answer and Affirmative Defenses to the Amended Complaint and states as follows:

**ANSWER**

1. Admitted that this is an admiralty action and denies the rest of the paragraph.
2. Denied.
3. Admitted the Plaintiff is a Croatian company and denies the rest of the paragraph.
4. Admitted.

---

[1] Pursuant to Rules C (6) and E (8) of the Supplemental Admiralty Rules, MARMER INVESTMENTS LIMITED, has filed a Statement of Interest/Claim of Owner [ECF No. 9] and has expressly restricted this appearance for the sole purpose of defending the vessel M/Y KAISER" *in rem* against claims with respect to the Defendant Vessel itself. MARMER INVESTMENTS LIMITED has agreed to a stipulation of appearance for those claims solely against the Vessel, but not for claims against Marmer in its in personam capacity, and its appearance as Owner does not constitute an appearance for any other purpose.

5. Admitted.
6. Admitted.
7. Admitted.
8. Admitted that the Plaintiff is seeking damages and denies any entitlement to such damages.
9. Admitted that this Court has subject matter jurisdiction over the *in rem* claim.
10. Admitted that this Court has subject matter jurisdiction over the *in rem* claim. In lieu of arrest, and without any admission of fault, the Vessel has posted security in the amount of $600,000.00 as a special bond and substitute res with an agreed escrow agent, Robert D. McIntosh, Esq., of Fowler White Burnett, P.A., pursuant to a Joint Escrow Agreement. Such escrowed funds shall stand as substitute security for the Vessel in the *in rem* claim.
11. Denied.
12. Admitted that venue is proper in this District.
13. Without knowledge and there denied.
14. Admitted that the subject Vessel was sued *in rem*.
15. Admitted.
16. Denied.
17. Denied.
18. Denied.
19. Denied.
20. Denied.
21. Admitted that crew wages in certain circumstances can be considered a necessary.

22. Without knowledge and therefore denied.
23. Without knowledge and therefore denied.
24. Denied.
25. Denied.
26. Denied.
27. Admitted that the Vessel is mobile and capable of being moved.
28. Admitted.
29. Denied.

**COUNT I OF THE COMPLAINT**

30. This paragraph repeats previous paragraphs and needs no additional response.
31. Admitted that this is an Admiralty action
32. Admitted.
33. Denied.
34. Admitted, in part, as crew wages in certain circumstances can be considered a necessary and denied in this case.
35. Denied.
36. Denied.
37. Denied.
38. Denied.
39. Denied.
40. Denied.

41. Denied.

42. Denied.

**COUNT II OF THE COMPLAINT**

43. This paragraph repeats previous paragraphs and needs no additional response.

44. Admitted that this is an Admiralty action.

45. Admitted.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Without knowledge and therefore denied.

52. Without knowledge and therefore denied.

53. Without knowledge and therefore denied.

54. Without knowledge and therefore denied.

55. Denied.

56. Without knowledge and therefore denied.

57. Denied.

58. Denied.

59. Without knowledge and therefore denied.

60. Denied.

61. Denied,

**COUNT III OF THE COMPLAINT**

This Count is not directed at this Defendant and therefore this Defendant is without knowledge and denies this Count.

**AFIRMITIVE DEFENSES**

First Affirmative Defense: A Failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) under the Federal Rules of Civil Procedure, Plaintiff has failed to state a claim for damages pursuant to maritime law.

Second Affirmative Defense: Setoff. The Plaintiff has been paid some or all of the amounts claimed and therefore, Defendant is entitled to a setoff of some are all of those amounts claimed.

. Third Affirmative Defense: Plaintiff was engaged by a separate entity, and payment is due from that third party rather than this Defendant.

Fourth Affirmative Defense: Some of the claims are for items which are not necessaries to the Vessel and therefore the Plaintiff may not claim them against the Defendant Vessel.

Fifth Affirmative Defense: Failure to Mitigate Damages. Plaintiff failed to mitigate its damages within a reasonable amount of time, and any damages should be reduced accordingly.

Sixth Affirmative Defense: Defendant asserts that Plaintiff has breached its contract with Vessel and therefore is not entitled to recover.

Seventh Affirmative Defense: Defendant asserts that Plaintiff misrepresented its position with regard to the crew and its management of the Vessel and the crew of the Vessel.

Eighth Affirmative Defense: Defendant asserts that the Plaintiff did not have the authority

to bind the Vessel with a maritime lien.

Ninth Affirmative Defense: Plaintiff has failed to allege facts to establish any duty of the Defendant with regard to those items which were not contracted for the Vessel.

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that a true and correct copy of the foregoing was served via transmission of Notice of Electronic Filing generated by CM/ECF this20th_day of November 2026, to all counsel of record.

Respectfully submitted,

KARCHER CANNING & KARCHER
Attorneys for Defendant M/Y Kaiser
760 N.E. 7th Avenue
Dania Beach, FL 33004
Tel: 954/929-7800
Fax: 954/929-7799
E-mail: mrk@ukandk.com

By: */s/ Michael R. Karcher*
MICHAEL R. KARCHER
FLORIDA BAR NO. 516287

And

By: */s/ Serena A. Witter*
Serena A. Witter
Florida Bar No. 45216
ROBERT ALLEN LAW
The Four Seasons Office Tower
1441 Brickell Avenue, Suite 1400
Miami, Florida 33131
Tel: (305) 372-3300
Fax: (305) 379-7018
Email: switter@robertallenlaw.com
litigation@robertallenlaw.com

*Counsel for Defendant M/Y Kaiser*